IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELENA PUGA<br>and<br>NICOLE EDWARDS,<br><br>on behalf of themselves and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEPHRITE FUND I, LLC, *et al.,*<br><br>Defendants. | State Court Case No. 2116-CV13008<br>Division No. 5 |

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Nephrite Fund I, LLC ("Nephrite"), Jesse Davila ("Davila"), and Strategic Properties, LLC ("Strategic") (collectively ("Defendants"), hereby remove Case No. 2116-CV13008 from the Circuit Court of Jackson County, Missouri, at Independence, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1332, 1441 and 1446. As grounds for removal, Defendants state as follows:

## STATEMENT OF THE CASE

1. On June 17, 2021, Plaintiff Elena Puga filed a *Class Action Petition for Breach of the Implied Warranty of Habitability and Violations of the Missouri Merchandising Practices Act* ("Original Petition") in the Circuit Court of Jackson County, Missouri, at Independence, styled Elena Puga, on behalf of themselves and all others similarly situated v. Nephrite Fund I, LLC, *et al.*, Case No. 2116-CV13008 (the "State Court Action"). A copy of Plaintiff's Original Petition is attached hereto as Exhibit A.

1

2. Defendants Nephrite and Davila were served with the summons and Plaintiff's Original Petition on June 29, 2021. Defendant Strategic was served with the summons and Plaintiff's Original Petition on July 12, 2021.

3. Plaintiff's Original Petition purported to assert two (2) causes of action, including: (a) breach of the implied warranty of habitability; and (b) violations of the Missouri Merchandising Practices Act. Each of Plaintiff's claims are based on the contention that Defendants failed to provide Plaintiffs with "safe, sanitary, and habitable" rental housing from September 18, 2014 to the present.

4. Plaintiff Puga purported to bring each of her claims on behalf of herself, as well as a putative class.

5. The relief Plaintiff Puga seeks on behalf of herself and the putative class includes, *inter alia*: (a) "for actual damages"; (b) "award Plaintiffs their attorneys' fees and costs"; (c) "pre-judgment and post-judgment interest"; and (d) "such other and further relief as the Court may deem necessary and proper."

6. On December 16, 2022, Plaintiffs Elena Puga and Nicole Edwards filed their *Second Amended Class Action Petition for Negligence, Breach of the Implied Warranty of Habitability and Violations of the Missouri Merchandising Practices Act* ("Second Amended Petition") to add Nicole Edwards as an additional Plaintiff and class representative, and to add a new claim for negligence against Defendants.[1] A copy of Plaintiff's Second Amended Petition is attached hereto as Exhibit B.

---

[1] On December 15, 2021, Plaintiff Elena Puga filed *Plaintiff's Motion for Leave to File First Amended Class Action Petition to Add an Additional Party*. However, this motion was never ruled on, and Plaintiff Elena Puga never filed her proposed *First Amended Class Action Petition*.

2

7. On June 30, 2023, Plaintiffs Elena Puga and Nicole Edwards filed their *Third Amended Class Action Petition for Negligence, Breach of the Implied Warranty of Habitability and Violations of the Missouri Merchandising Practices Act* ("Third Amended Petition") to seek punitive damages against Defendants. A copy of Plaintiff's Third Amended Petition is attached hereto as Exhibit C.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT (CAFA)

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(d) because: (1) minimum diversity is satisfied; (2) the number of putative class members is greater than 100; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B).

9. For purposes of establishing minimum diversity necessary for jurisdiction under CAFA, a limited liability company such as Defendant Strategic, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Defendant Strategic is organized under the laws of Georgia and has its principal place of business in Florida. (See Strategic Properties, LLC Corporate Documents, attached hereto as Exhibit D). Because Plaintiff Elena Puga is a citizen of Missouri, at least one member of the putative class is diverse from at least one defendant and minimum diversity is satisfied.[2]

10. The putative class is defined as "Missouri residents who had a lease with or rented an apartment unit at Suncrest Apartments (formerly known as Amber Glen Apartments) between June 17, 2016 and the present." (See February 10, 2023 Order, attached hereto as Exhibit E). Based on Suncrest Apartments tenant rent roll reports for the specified timeframe, and other

---

[2] Plaintiffs' Original Petition, Second Amended Petition, and Third Amended Petition all expressly assert, "[t]he class is limited to only Missouri citizens", which includes Plaintiff Elena Puga.

3

information produced in response to written discovery requests in this case, the putative class is estimated to have approximately 600 members. Accordingly, the number of putative class members is well in excess of 100.

11. Likewise, the amount in controversy in this matter exceeds $5 million, as required by 28 U.S.C. § 1332(d)(2). However, it was not until mediation was held in this case on October 16, 2023, that it was made known to Defendants that Plaintiffs believed the amount in controversy exceeded $5 million. (See Affidavit of Brian T. Goldstein, attached hereto as Exhibit F). Prior to mediation, Defendants, through formal written discovery requests, requested that Plaintiffs provide a valuation of their claimed compensatory damages and other categories of damages in this case. (*Id.*) Plaintiffs objected and otherwise refused to disclose this information to Defendants and failed to provide Defendants with their belief as to the value of their claims. (*Id.*)

12. At the October 16, 2023 mediation, mediator Leland Shurin advised counsel for Defendants that Plaintiffs' counsel believed "Plaintiffs could recover more than $6 million in compensatory damages at trial", exclusive of any additional monetary awards for attorneys fees and/or punitive damages. (Exhibit F). This was the first time Defendants or their counsel were made aware that Plaintiffs believed the value of their case to be in excess of $5 million. (*Id.*)

13. Therefore, it was not until October 16, 2023, less than thirty (30) days ago, that Defendants were made aware that Plaintiffs believed the value of their claims exceeded $5 million. Accordingly, as it is now evident that amounts well in excess of $5 million are at stake in this litigation – Plaintiffs also seek recovery of attorneys fees and punitive damages in addition to compensatory damages in excess of $5 million – the amount-in-controversy requirement for removal under Section 1332(d)(2) is more than satisfied.

14. Further, Defendants have removed this case within thirty (30) days of October 16, 2023, when Defendants were first able to ascertain that the case was one which is or has become removable. 28 U.S.C. § 1446(b)(3). Because Plaintiffs did not set forth a monetary demand in their pleadings, nor did Plaintiffs provide Defendants with their belief that the value of their case exceeded $5 million, either through written discovery responses or otherwise, until the October 16, 2023 mediation, Defendants were not able to reasonably ascertain that the case met the CAFA amount-in-controversy threshold prior to that time. Accordingly, Defendants have timely removed this case in accordance with 28 U.S.C. § 1446(b)(3).

15. Because minimum diversity exists, the number of putative class members is greater than 100, the amount-in-controversy exceeds $5 million, and Defendants have timely removed this case within thirty (30) days of first ascertaining that the case was one which is or has become removable, this Court has jurisdiction under CAFA. 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B), 1446(b)(3).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

16. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of controlling pleadings and orders from the State Court Action are being filed with this Notice of Removal. Given the extensive nature of previous other filings in the State Court Action, Defendants will file true and legible copies of all other documents on file in the State Court Action within thirty (30) days of the filing of this Notice of Removal.

17. This Notice of Removal has been filed within thirty (30) days of when it first became ascertainable that the case was one which is or has become removable. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b)(3).

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Western District of Missouri is the federal judicial district embracing the Circuit Court of Jackson County, Missouri, at Independence, where the State Court Action was originally filed.

**CONCLUSION**

By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

*/s/ Brian T. Goldstein*
Brian T. Goldstein     MO Bar 50191
Law Offices of Brian T. Goldstein
11705 W. 164th Place
Overland Park, KS 66221
(913) 558-0228
btgoldsteinlaw@gmail.com
ATTORNEY FOR DEFENDANTS

6

Case 4:23-cv-00774-DGK    Document 1    Filed 10/27/23    Page 6 of 7

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above was filed with the Court causing a copy to be served to the following this 27th day of October, 2023:

Gregory Leyh, #42283
Andrea M. Knernschield, #71553
Nicholas Leyh, #71993
Gregory Leyh, P.C.
1600 Genessee St., Suite 132
Kansas City, Missouri 64102
(816) 283-3380
(816) 283-0489 (Facsimile)
gleyh@leyhlaw.com
aknernschield@leyhlaw.com
nleyh@leyhlaw.com
ATTORNEYS FOR PLAINTIFFS

                */s/ Brian T. Goldstein*
                Brian T. Goldstein