# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT COURT OF MISSOURI

**ELENA PUGA & NICOLE EDWARDS,**    )
    )
**on behalf of themselves and all others**    )
**similarly situated**    )
    )
        **Plaintiffs,**    )       **Case No. 4:23-cv-00774-DGK**
**v.**    )
    )
**NEPHRITE FUND I, LLC, et al.,**    )
    )
        **Defendants.**    )

## PLAINTIFFS' MOTION TO REMAND
## AND SUGGESTIONS IN SUPPORT

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.


/s/ Nicholas Leyh
Andrea M. Knernschield, #71553
Nicholas Leyh, #71993
Gregory Leyh, P.C.
1600 Genessee St., Suite 132
Kansas City, Missouri 64102
(816) 283-3380
(816) 283-0489 (Facsimile)
aknernschield@leyhlaw.com
nleyh@leyhlaw.com
ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

**PAGE**

I.  Introduction………………………………………….…....................................1

II.  Defendants' Notice of Removal is Deficient, Without Basis, Subject to CAFA
Exceptions, and Serves to Disrupt Proper State Court Proceedings…………….....1

III.  Standard of Review………………………………………………………………..2

IV.  The Defendants' Notice of Removal Is Procedurally Defective Because
It Relies Solely On An Untranscribed, Oral, Confidential Mediation
Statement From the Mediator……………….…………………………………..3

    i.  Oral statements do not qualify as "other paper" under §1446(b)(3)……....4

    ii.  Confidential statements made in mediation are not a basis for
    determining the amount in controversy…………………………………...5

V.  The Notice of Removal Was Untimely Under 1446(b)(3) ………………………6

VI.  Defendants' Allegation of Amount in Controversy is Insufficient………………9

VII.  The Defendants Waived Their Right To Remove………………………………10

VIII.  The Home-State Exception Applies…………………………………………...11

IX.  The Local Controversy Exception Applies……………………………………14

X.  Defendants' Allegations About Discovery Are Inaccurate………………………14

XI.  Conclusion………………………………………………………………………..15

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

Abbas v. Kienzler,
    2010 U.S. Dist. LEXIS 136061 (E.D.N.Y. Dec. 23, 2010) ……………………………………..4

Arnold Crossroads, L.L.C. v. Gander Mt. Co.,
    751 F.3d 935 (8th Cir. 2014)……………………………………………….…………3

Atwood v. Peterson,
    936 F.3d 835 (8th Cir. 2019)…………………………………………………………...14

Baker v. Ocean 18 LLC,
    2019 U.S. Dist. LEXIS 175917 (W.D. Mo. Oct. 10, 2019)……………………………12

Barricks v. Barnes-Jewish Hosp.,
    2012 U.S. Dist. LEXIS 115434 (E.D. Mo. Apr. 12, 2012)……………………………12

Brittain v. Pac. Cycle, Inc.,
    2018 U.S. Dist. LEXIS 67990 (W.D.N.C. Apr. 19, 2018)………………………………10

Curts v. Edgewell Pers. Care Co.,
    2023 U.S. Dist. LEXIS 186002 (W.D. Mo. Oct. 17, 2023)………………………………10

Curts v. Waggin' Train, LLC,
    2013 WL 2319358 (W.D. Mo. May 28, 2013)………………………………………...14

Dahl v. R.J. Reynolds Tobacco Co.,
    478 F.3d 965 (8th Cir. 2007)…………………………………………………...4, 5, 8

Gibson v. Clean Harbors Envtl. Servs.,
    840 F.3d 515 (8th Cir. 2016)…………………………………………………...5

Gustafson v. Bi-State Dev. Agency,
    358 F.Supp.3d 861 (E.D. Mo. 2019)……………………………………………………7

Hartmann Hay Co., LLC v. Wilber-Ellils Co.,
    2016 U.S. Dist. LEXIS 191667 (Neb. 2016)……………………………………….…10

Hatridge v. Aetna Cas. & Sur. Co.,
    415 F.2d 809 (8th Cir. 1969)………………………………………………….……2

Hood v. Gilster-Mary Lee Corp.,
    785 F.3d 263 (8th Cir. 2015)…………………………………………………………12

iii

In re Business Men's Assur. Co. of America,
    992 F.2d 181 (8th Cir. 1993)…………………………………………………..…..2

Knight v. Nationwide Ins. Co. of Am.,
    2017 U.S. Dist. LEXIS 107653 (W.D. Mo. July 2017)………………………………..2

Lewis v. Heartland Auto. Servs. II, Inc.,
    2017 U.S. Dist. LEXIS 56420 (W.D. Mo. Apr. 13, 2017)……………………………5, 6

McCleery v. Allstate Ins. Co.,
    2011 U.S. Dist. LEXIS 164365 (C.D. Cal. Feb. 23, 2011)……………………………...4

Millentree v. TENT Restaurant Operations, Inc.,
    2008 U.S. Dist. LEXIS 78693 (W.D. Mo. Oct. 8, 2008)………………………………..7

Molina v. Lexmark Int'l, Inc.,
    2008 U.S. Dist. LEXIS 83014 (C.D. Cal. Sept. 30, 2008)……………………………...6

Nicholson v. Prime Tanning Corp.,
    2009 U.S. Dist. LEXIS 80445 (W.D. Mo. Sep. 3, 2009)……………………………...13

Pirozzi v. Massage Envy Franchising, LLC,
    938 F.3d 981 (8th Cir. 2019)……………………………………………………………9

PR Grp., LLC v. Windmill Int'l, Ltd.,
    792 F.3d 1025 (8th Cir. 2015)…………………………………………………………10

Pretka v. Kolter City Plaza II, Inc.,
    608 F.3d 744 (11th Cir. 2010)…………………………………………………………5

Roth v. CHA Hollywood Med. Ctr., L.P.,
    720 F.3d 1121 (9th Cir. 2013)…………………………………………………………5

Rothrock v. Capital Logistics,
    2020 U.S. Dist. LEXIS 168178 (W.D. Mo. Sep. 15, 2020)……………….…………...3

Shamrock Oil & Gas Corp. v. Sheets,
    313 U.S. 100 (1941)……………………………………………………………………2

Simpson, et al., v. Cloverleaf Apartments Investors, LLC, et al.,
    Case No. 22-00520-CV-W-BP (Nov. 23, 2022)………………………………………..7

State Farm Fire & Cas. Co. v. Valspar Corp.,
    2010 U.S. Dist. LEXIS 102590 (D.S.D. Sept. 24, 2010)………………………………5

Stehney v. Ferguson,
    2017 U.S. Dist. LEXIS 108412 (D.S.C. July 13, 2017)……………………………...10

Sullivan v. Conway,
    157 F.3d 1092 (7th Cir. 1998)……………………………………………………8

Svoboda v. Smith & Nephew, Inc.,
    943 F.Supp.2d 1018 (E.D. Mo. 2013)…………………………………………………….7

S.W.S. Erectors v. Infax, Inc.,
    72 F.3d 489 (5th Cir. 1996)……………………………………………………5

Thomas v. Ritter,
    1999 U.S. Dist. LEXIS 5295 (W.D.N.C. Feb. 11, 1999)………………………………..4

Westerfeld v. Indep. Processing, LLC,
    621 F.3d 819 (8th Cir. 2010)……………………………………………………14

Westwood v. Fronk,
    177 F. Supp. 2d 536 (N.D.W.Va. 2001)………………………………………...10

Williams v. Litton Loan Servicing, LP,
    2011 U.S. Dist. LEXIS 15113 (M.D. Ala. Feb. 15, 2011)…………………………………4

Williams v. Safeco Insur. Co. of Am.,
    74 F. Supp. 2d 925, 928 (W.D. Mo. 1999)……………………………………………3

Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,
    365 F.3d 1244 (11th Cir. 2004)……………………………………………………10

**Rules and Statutes**

Mo. 16th Judicial Cir. R. 32.2.1………………………………………………………...15

Mo. 16th Judicial Cir. R. 32.2.2………………………………………………………...15

28 U.S.C. § 1332(d)………………………………………………………..12, 13, 14

28 U.S.C. § 1446(b)………………………………………………………4, 5, 6, 10

28 U.S.C. § 1446(b)(1)…………………………………………….……..…....2, 3

28 U.S.C. § 1446(b)(3)……………………………………2, 3, 4, 5, 6, 7 , 8, 9, 10

28 U.S. C. § 1447(b)………………………………………………………...3, 4

**Other Authorities**

Charles A. Wright, et al., 14B FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2009)………………………………………………………...10

## I.    Introduction

The Puga class action settled at 9:10 a.m. on Thursday, October 26, 2023.  The case was set for a pretrial conference on October 27, 2023 at 10:30 a.m., and a jury trial to begin at 9:00 a.m. on October 30, 2023. The settlement was completed on a phone call with mediator Leland Shurin, who congratulated both lawyers and subsequently memorialized the fact of a class-wide settlement in both oral and written communications with counsel for the parties.

Late in the afternoon of October 26, 2023, Mr. Goldstein, counsel for defendants, personally visited class counsel's law office.  Mr. Goldstein stated to class counsel that defendants agreed to the material terms of the Settlement Agreement, the proposed Notice to the class, a Guaranty to be signed by one of the defendants' principals, a Joint Motion for Preliminary Approval of the Settlement to be presented to the state court, and a Stipulated Judgment in favor of the class on Count II of the Third Amended Petition (Breach of the Warranty of Habitability) in the amount of $4 million.

The terms of the settlement included a total cash payment of $600,000, entry of a Stipulated Judgment on Count II for $4 million, a freeze on rent increases, rent reductions of $150 for three months, and defendants' cooperation with the filing of RSMo § 537.065 claims against insurance companies that provided insurance policies to defendants from 2016 to 2023.

Defendants subsequently requested a modification of the agreed upon settlement terms. Plaintiffs declined to modify the settlement terms.   Plaintiffs filed a Motion to Enforce Settlement to be taken up at the pretrial conference.  Approximately 60 minutes before the pretrial was to begin, defendants filed a Notice of Removal.

## II.    Defendants' Notice of Removal is Deficient, Without Basis, Subject to CAFA Exceptions, and Serves to Disrupt Proper State Court Proceedings

Defendant's Notice of Removal ("Notice") advances that federal jurisdiction is proper under the Class Action  Fairness Act ("CAFA"). Notice at ¶15. Defendants' Notice is procedurally

1

defective and was filed out of time, requiring remand. In addition, Defendants' actions in state court demonstrate that Defendants waived removal. Lastly, even if Defendants did timely file a procedurally adequate Notice, this case falls squarely within both the home-state and local controversy exceptions to CAFA jurisdiction, both of which mandate remand.

Defendants' Notice was filed on Friday, October 27, 2023, approximately one hour before the state court was to hear the Class's Motion to Enforce Settlement Agreement and Motion for Renewed Discovery Sanctions, with trial set the following Monday. Defendants' use of the removal procedure here is without legal merit and was, instead, designed to avoid proper hearings in state court in order to create unnecessary and costly delay in this action. As such, this Court should immediately remand this case so it can be resolved in state court without further delay.

### III.    Standard of Review

Defendants bear the burden of proof to demonstrate removal is proper and all prerequisites are satisfied. See Knight v. Nationwide Ins. Co. of Am., 2017 U.S. Dist. LEXIS 107653, at *6 (W.D. Mo. July 12, 2017); see also Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed and any doubts concerning the propriety of removal are resolved in favor of state court jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Defendants rely on § 1446(b)(3) as the benchmark for the time allowed to remove this matter. See Notice, at ¶14. Specifically, § 1446(b)(1) and (b)(3) provide two separate thirty-day periods to remove. If the initial pleading is removable, as is the case here, then § 1446(b)(1) only allows removal within thirty days of the initial pleading. See 28 U.S.C. § 1446(b)(1).

Section 1446(b)(3) permits removal of a petition that was not originally removable "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

2

which is or has become removable." See 28 U.S.C. § 1446(b)(3). In other words, a removing party must demonstrate three elements under § 1446(b)(3) to successfully remove a civil matter: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can "first ascertain" the existence of federal jurisdiction.

"Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal." Rothrock v. Captial Logistics, 2020 U.S. Dist. LEXIS 168178, at *9 (W.D. Mo. Sep. 15, 2020) citing Williams v. Safeco Insur. Co. of Am., 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999). Defendants' Notice is substantially and incurably defective for numerous reasons, mandating remand.

The Notice fails to demonstrate that "an amended pleading, motion, order or other paper," was received by Defendants from the class, permitting removal. Instead, Defendants rely solely on an untranscribed, oral, confidential statement from a mediator, which is self-evidently not a sufficient "other paper" obtained from the class. An untimely removal is procedurally defective under § 1446(b), requiring remand to state court. See Arnold Crossroads, L.L.C. v. Gander Mt. Co., 751 F.3d 935, 940 (8th Cir. 2014); see also Rothrock, 2020 U.S. Dist. LEXIS 168178 *4. Since the Defendants' Notice is untimely under §1446(b)(1) or (b)(3), remand is required.

### IV. The Defendants' Notice of Removal is Procedurally Defective Because it Relies Solely on an Untranscribed, Oral, Confidential Mediation Statement from the Mediator

The sole basis Defendants offer for determining that the amount in controversy of five-million has been met is an untranscribed, oral statement made by a mediator in mediation. See Notice at ¶¶ 12-14; see also Exhibit F to Notice (Affidavit of B. Goldstein at ¶¶ 6-7). No other basis

Case 4:23-cv-00774-DGK   Document 4   Filed 11/03/23   Page 8 of 21

is supplied to support the amount in controversy requirement.[1] Since an oral statement is not "other paper," Defendants fail to support the amount in controversy requirement and remand is required.

If the initial pleading in an action is not originally removable, then only upon the filing or service of some **paper** can the action then become subject to removal:

> a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an **amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.S. § 1446(b)(3) (emphasis added). Defendants rely solely on an untranscribed, oral statement allegedly made by the mediator, made confidentially outside the presence of class counsel. A confidential, untranscribed, oral statement made by a mediator cannot support removal.

    i.    <u>Oral statements do not qualify as "other paper" under § 1446(b)(3).</u>

The Eighth Circuit, in accordance with other jurisdictions, interpreted "the 'other paper' term in § 1446(b) to apply to **papers** and **documents** involved in the case being removed." <u>Dahl v. R.J. Reynolds Tobacco Co.</u>, 478 F.3d 965, 969 (8th Cir. 2007) (emphasis added).

Numerous other federal courts concur. <u>See</u> <u>McCleery v. Allstate Ins. Co.</u>, 2011 U.S. Dist. LEXIS 164365, at *7 (C.D. Cal. Feb. 23, 2011) ("oral statements are not 'other paper' that trigger removal under Section 1446(b)," concluding defendant's "removal is defective because it is based on an oral statement by Plaintiffs' counsel"); <u>see also</u> <u>Thomas v. Ritter</u>, 1999 U.S. Dist. LEXIS 5295, at *5 (W.D.N.C. Feb. 11, 1999) ("[a]llowing oral communications of settlement offers to establish the amount in controversy would present enormous proof problems … the statute is worded specifically to require written notice, in a pleading or otherwise"); <u>Williams v. Litton Loan Servicing, LP</u>, 2011 U.S. Dist. LEXIS 15113, at *13 (M.D. Ala. Feb. 15, 2011) (finding that

---

[1] In fact, defendants have failed to supply this Court with "copies of all records and proceedings" in state court. 28 U.S.C.S. § 1447(b).

4

§1446(b) does not permit parties "to transform off-the-record oral communications into 'other paper'"); <u>Abbas v. Kienzler</u>, 2010 U.S. Dist. LEXIS 136061, at *1 (E.D.N.Y. Dec. 23, 2010) ("[A]n oral [settlement] demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)"); <u>State Farm Fire & Cas. Co. v. Valspar Corp.</u>, 2010 U.S. Dist. LEXIS 102590, at *7 (D.S.D. Sept. 24, 2010) ("the court finds the plain language of the statute clearly requires some written document by the plaintiff . . .").

Another related procedural defect of Defendants' Notice is that they have created their own "other paper," contravening the plain text of §1446(b)(3). Other federal circuits have determined that affidavits created by Defendants or their counsel are not "other paper" under § 1446(b): "[w]e find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one." <u>S.W.S. Erectors v. Infax, Inc.</u>, 72 F.3d 489, 494 (5th Cir. 1996); <u>see also</u> <u>Roth v. CHA Hollywood Med. Ctr., L.P.</u>, 720 F.3d 1121, 1126 (9th Cir. 2013) ("defendant's subjective knowledge cannot convert a non-removable action into a removable one"); <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 761 (11th Cir. 2010) ("an initially non-removable case cannot be ***converted*** into a removable one ***by evidence of the defendant*** or by an order of the court") (internal citations omitted) (emphasis in original).

A confidential, untranscribed, oral statement by a mediator is not "other paper," nor is an affidavit created by Defendants' counsel. Since Defendants supply nothing more in support of their §1446(b) removal, remand is required. <u>Dahl</u>, 478 F.3d at 971. In addition, any statement purporting to be "other paper" under §1446(b)(3) must be "from the plaintiff. <u>Gibson v. Clean Harbors Envtl. Servs.</u>, 840 F.3d 515, 519 (8th Cir. 2016).

ii.   <u>Confidential statements made in mediation are not a basis for determining the amount in controversy</u>.

Mediator statements do not constitute "other paper" supporting removal under §1446(b). This

Court held in <u>Lewis v. Heartland Auto. Servs. II, Inc.</u>, 2017 U.S. Dist. LEXIS 56420 at *3 (W.D. Mo. Apr. 13, 2017), that "the mediation proceedings and subsequent e-mail are not 'other paper' under section 1446(b)(3)." <u>Id</u>. at *3. In <u>Lewis</u>, plaintiff's counsel sent an email reiterating plaintiff's final bargaining position at mediation. <u>Id</u>. Defendants sought to use that email as a basis for removal, asserting that the email permitted defendants to ascertain that the amount in controversy requirement was met. <u>Id</u>. The court disagreed finding "[p]laintiff's counsel's e-mail reply to [the defendant] is not "other paper" under section 1446(b)(3)" and that the email was just a continuation of the mediation proceedings. <u>Id</u>. at *4. Further, the court held that it "will not use dollar values exchanged during a confidential mediation to find the amount in controversy is satisfied." <u>Id</u>.

The holding in <u>Lewis</u> is in accord with other jurisdictions, which similarly hold that statements made in mediation cannot form the basis for removal under §1446(b). <u>See</u> <u>Molina v. Lexmark Int'l, Inc.</u>, 2008 U.S. Dist. LEXIS 83014 at *17 (C.D. Cal. Sept. 30, 2008) (holding that oral settlement communications made through a mediator are not "other paper" under §1446(b)).

The mediator sent a letter and agreement outlining the procedure and setting forth certain restrictions related to the mediation proceeding. For instance, the mediation agreement stated "all statements made by parties and attorneys at the mediation are confidential" and "No admission, statement or representation made in the mediation not otherwise discoverable is admissible as evidence in a lawsuit or subject to discovery." Letter from L. Shurin, Oct. 13, 2023, "Mediation-Elena Puga, et al. v. Nephrite Fund I, LLC, et al.," attached as Exhibit 1, at 1. As affirmed by Defendants' counsel, Defendants mediated under these rules. <u>See</u> Exhibit F to Notice, at ¶4.

It is axiomatic that untranscribed, oral, confidential statements made by a mediator, not the plaintiffs, during mediation cannot form the basis to remove a civil action under §1446(b).

## V.     The Notice of Removal Was Untimely Under §1446(b)(3)

6

Defendants misunderstand what triggers timely removals under § 1446(b)(3). Defendants' failure to consult, acknowledge, or distinguish the overwhelming legal authority holding that under § 1446(b)(3), removal of actions must occur within 30 days of an Order granting leave to file a petition disclosing removability is objectively unreasonable.

In its deposition, Nephrite testified, by reading from its records, that the amount of rent paid by tenants from 2016 to 2022 exceeded $4.12 million.[2] See Deposition of Nephrite, May 4, 2022, attached as Exhibit 2, at 72:7-25 and 73:1. This amount does not include rent paid by tenants in 2023, emotional distress damages, return of security deposits, award of attorney's fees and costs, all of which were pled. See, e.g., Exhibit C to the Notice ("TACAP") at ¶¶ 113, 127-128, 157. Therefore, no later than May 4, 2023, Defendants should have ascertained the amount in controversy.

Further, the state court granted leave to the class to add punitive damages on August 15, 2023, deeming the TACAP adding punitive damage allegations as filed on August 15, 2023. See August 15, 2023 Order, attached as Exhibit 3. Upon Nephrite's testimony, based upon its own records, and the August 15, 2023 Order, Defendants should have ascertained the amount in controversy.

Recently, the Western District Court addressed this exact issue, finding that the "[o]nce leave was granted [to add punitive damages] and Plaintiff was ordered to file her First Amended Complaint, Defendants were able to ascertain the case had become removable." Simpson, et al., v. Cloverleaf Apartments Investors, LLC, et al., Case No. 22-00520-CV-W-BP, Order Granting Amended Remand to Remand, Nov. 23, 2022, at 4; see also Svoboda v. Smith & Nephew, Inc., 943 F.Supp.2d 1018 (E.D. Mo. 2013) (collecting the cases and holding that the trigger for § 1446(b)(3) removals is the date of the Order granting leave). The strict thirty-day deadline to remove under § 1446(b)(3) begins upon the entry of an Order granting leave to amend where such amendment provides a basis for removal.

---

[2] Nephrite testified that the rent paid by tenants by year was: $375,000 (2016); $410,000 (2017); $537,000 (2018); $655,480 (2019); $702,952 (2020); $713,334 (2021); and $734,000 (2022), in total $4,127,766.00 million.

7

Millentree v. TENT Restaurant Operations, Inc., 2008 U.S. Dist. LEXIS 78693 at *2 (W.D. Mo. Oct. 8, 2008) ("The time for removal should not commence until the court grants leave to amend, if such leave is required"); see also Gustafson v. Bi-State Dev. Agency, 358 F.Supp.3d 861 (E.D. Mo. 2019) (the time for removal is not triggered until state court grants leave to amend, if leave is required).

The majority of federal courts concur that the thirty-day deadline under § 1446(b)(3) begins on the entry of an Order granting leave to amend. See, e.g., Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal.") In the event that leave to amend is denied, there would be no basis to remove under § 1446(b)(3). Id. ("It might never state a claim, since the state judge might deny the motion.")

The Order granting leave to the Puga class to seek punitive damages against Defendants ("August 15, 2023 Order") is an "amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). The August 15, 2023 Order qualifies as an "order" capable of triggering removal under § 1446(b)(3). See Dahl, 478 F.3d at 969 (concluding that "order" as used in § 1446(b)(3) generally refers to an order entered in the case being removed). The August 15, 2023 Order made it "ascertain[able] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Notice was filed 73 days later, on October 27, 2023.

Further, the Puga class's TACAP, adding punitive damage allegations, was submitted to the Court and served on Defendants on June 30, 2023. See Motion For Leave To File A Third Amended Class Action Petition Adding Punitive Damages ("Motion For Leave"), June 30, 2023, attached as Exhibit 4; see also Exhibit C to the Notice. The state court held:

> Plaintiff Class's Third Amended Class Action Petition Adding Punitive Damages against Defendants Nephrite Fund I, LLC, Jesse Davila, and Strategic Properties attached as Exhibit 2 to the Motion for Leave is deemed filed as of the date of this Order.

8

Exhibit 3, at 1.

Defendants ignore long-standing federal case law in this court and other jurisdictions because their Notice is facially defective and untimely under existing law. Instead, Defendants arbitrarily substitute the date of mediation for the improper purpose of disrupting the state court litigation, avoiding further adverse state court rulings, and imposing significantly higher costs on the Puga class.

In sum, the Puga class filed its Motion For Leave on June 30, 2023. See generally Exhibit 4. The Motion For Leave attached the proposed petition with new allegations relating to punitive damages that the Puga class proposed to add to the TACAP. Defendants filed their Opposition to the Motion For Leave out of time on August 11, 2023, and the state court granted the Motion For Leave and deemed the amended TACAP as filed on August 15, 2023. See Exhibit 3.

Whether the triggering date is the filing of the Motion For Leave or the August 15, 2023 Order, Defendants' Notice is untimely. Pursuant to § 1446(b)(3), Defendants' time to file their Notice, ***at the latest***, expired on September 14, 2023. Defendants filed their Notice out of time on October 27, 2023, less than an hour before a scheduled pre-trial hearing to adjudicate the enforcement of a settlement reached the day before. Therefore, Defendants' Notice is irredeemably defective.

## VI.    Defendants' Allegation of Amount in Controversy is Insufficient

As explained in Sections IV and V, Defendants' allegation as to the amount in controversy originates from a mediator's confidential, untranscribed, oral statement, which is an insufficient basis for removal. Defendants' counsel's affidavit is similarly and incurably defective.

Where a class challenges a removing defendant's allegation as to the amount in controversy, the defendant must demonstrate through evidence that amount in controversy requirement is met. See Pirozzi v. Massage Envy Franchising, LLC, 938 F.3d 981, 983 (8th Cir. 2019). Where a defendant claims the amount in controversy was discovered from an "other paper" after the filing of

9

the initial complaint, the defendant must demonstrate through evidence that amount in controversy was only ascertainable at the time of the filing of the "other paper," and not before. See § 1446(b)(3).

Here, Defendants provide no evidentiary basis for determining the amount in controversy. In fact, Defendants rely *solely* upon an untranscribed, oral statement, which is definitionally not an "other paper" under § 1446(b). As such, Defendants have not, and cannot, provide the necessary evidence to show that the amount in controversy threshold is met in their Notice.

### VII. The Defendants Waived Their Right To Remove

A defendant "may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a notice with the federal court." Hartmann Hay Co., LLC v. Wilber-Ellis Co., 2016 U.S. Dist. LEXIS 191667 *14 (Neb. 2016) (quoting Charles Alan Wright & Arthur R. Miller, 14B Federal Practice and Procedure § 3721 (4th ed. 2009); see also PR Grp., LLC v. Windmill Int'l, Ltd., 792 F.3d 1025, 1026 (8th Cir. 2015). "Participating in state court proceedings... when the defendant is not compelled to take the action...constitutes a waiver of the defendant's right to remove to federal court." Westwood v. Fronk, 177 F. Supp. 2d 536, 540 (N.D.W.Va. 2001); see also Brittain v. Pac. Cycle, Inc., 2018 U.S. Dist. LEXIS 67990, at *12 (W.D.N.C. Apr. 19, 2018); Stehney v. Ferguson, 2017 U.S. Dist. LEXIS 108412, at *13 (D.S.C. July 13, 2017) (removal waived where "case ha[d] an extensive history, with Defendants filing answers and counterclaims, numerous motions, and participating in multiple hearings").

The taking of substantial action demonstrating waiver must occur "before filing a notice of removal with the federal court." PR Grp., LLC, 792 F.3d at 1026 (quoting Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004)). The waiver must be clear and unequivocal. Id. The conduct must occur after the statutory right to remove is ascertainable.

Curts v. Edgewell Pers. Care Co., 2023 U.S. Dist. LEXIS 186002, at *15 (W.D. Mo. Oct. 17, 2023).

Defendants have extensively litigated this case since its inception in June of 2021. The docket shows the filing of three answers, propounding of over a hundred interrogatories and numerous requests for production of documents, and several motions and oppositions in state court. See Puga, et al., v. Nephrite, et al., Case no. 2116-CV13008, Docket Sheet, attached as Exhibit 5.

Since August 15, 2023, the latest date that the right to remove was ascertainable, Defendants filed an answer to the Puga class's petition alleging punitive damages, denying new allegations and seeking relief from the state court through affirmative defenses. See Joint Motion for Leave to file Joint Answer to Plaintiffs' Third Amended Complaint Out of Time, attached as Exhibit 6; see also Answer to Plaintiffs' Third Amended Complaint, attached as Exhibit 7. In fact, Defendants jointly sought relief from the state court to file their answer out of time. See generally Exhibit 6.

As explained above, Defendants were aware, or should have been aware of the removability *at the latest* by August 15, 2023, when the state court granted leave to amend the petition. Yet, the Defendants filed the below pleadings after the August 15, 2023 Order but before filing their Notice:

- Return of Service of Subpoenas Issued to Class Members Sharon Mitchen, Deaunte Smith, and Augustine Burns (August 23, 2023);
- Defendants' Motion to Quash Subpoenas Issued to BMO Harris Bank, NA and Commerce Bank (September 4, 2023);
- Defendants' Motion to Quash Plaintiffs' Third Amended Notice of Videotaped Rule 57.03(b)(4) Deposition of Defendant Nephrite Fund I, LLC (September 11, 2023);
- Defendants' Motion for Leave to File Answer Out-of-Time to Plaintiffs' Third Amended Class Action Petition (September 20, 2023);
- Defendants' Motion to Amend Scheduling Order and for Trial Continuance (September 28, 2023);
- Defendants' Omnibus Motion *in Limine* Precluding Plaintiffs from Introducing Evidence (October 16, 2023); and
- Defendants' Response to Motion to Enforce Net Worth Discovery (October 20, 2023).

The Defendants' extensive history of litigation, and actions taken after August 15th, demonstrate their unequivocal waiver of their right to remove.

11

## VIII. The Home-State Exception Applies

The home-state exception pursuant to §1332(d)(4)(B) also requires this Court grant remand. Plaintiff bears the burden of proving that the home state exception applies. Barricks v. Barnes-Jewish Hosp., 2012 U.S. Dist. LEXIS 115434, at *2 (E.D. Mo. Apr. 12, 2012). The home state exception to CAFA requires remand when: "two-thirds or more of the members of all proposed plaintiff classes in aggregate, and the primary defendants, are citizens of the State in which the action was originally filed" and the principal injuries occurred in the state where the action was filed. 28 U.S.C. § 1332(d)(4)(B); see also Barricks, at *2.

The first requirement, that two-thirds or more of the plaintiff class are citizens of Missouri, is undisputedly met. The state court defined the certified class as follows:

> Missouri residents who had a lease with or rented an apartment unit at Suncrest Apartments (formerly known as Amber Glen Apartments) between June 17, 2016 and the present.

Order, February 10, 2023, at 1. Further, the class was "limited to only Missouri citizens." Exhibit C to the Notice at ¶100. Defendants admit and agree that the class consists solely of Missouri citizens. See Notice at fn. 2. Thus, by definition, all class members are Missouri citizens. The Eighth Circuit has recognized a plaintiff's ability to define a class as including only "citizens" of a particular State in order to satisfy the "greater than two-thirds" requirement of the local-controversy exception and the "two-thirds or more" requirement of the home-state exception. See Hood v. Gilster-Mary Lee Corp., 785 F.3d 263, 266 (8th Cir. 2015); see also Baker v. Ocean 18 LLC, 2019 U.S. Dist. LEXIS 175917, at *12 (W.D. Mo. Oct. 10, 2019).

Both Nephrite Fund I, LLC and Jesse Davila are citizens of Missouri. Nephrite Fund I, LLC admitted it is a Missouri LLC in its Answer to the TACAP, and its Articles of Organization show it was organized in the state of Missouri. See Answer to TACAP, attached as Exhibit 7, at ¶14; see also Articles of Organization for Nephrite Fund I, LLC, attached as Exhibit 8. Further, Nephrite Fund I,

LLC's principal office address, or principal place of business, is in Missouri. See Operating Agreement of Nephrite Fund I, LLC, attached as Exhibit 9, at §2.3; see also Missouri Secretary of State Business Filings, screenshot of "Principal Office Address," Oct. 31, 2023, attached as Exhibit 10. Jesse Davila is also a citizen of Missouri. See Exhibit 7 at ¶15; see also Deposition of Jesse Davila, April 27, 2023, attached as Exhibit 11, at 6:2-6.

> This Court has found that a primary defendant means
>
> a defendant who (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in one particular cause of action.

Nicholson v. Prime Tanning Corp., 2009 U.S. Dist. LEXIS 80445, at *5 (W.D. Mo. Sep. 3, 2009). Under this standard, Nephrite Fund I, LLC is a primary defendant. Nephrite Fund I, LLC was sued directly on all three counts. See Exhibit C to the Notice at ¶¶ 109-157. As the landlord and owner of the subject apartment complex, Nephrite Fund I, LLC's actions are the subject of a significant portion of the class's asserted claims. In contrast, Jesse Davila and Strategic Properties served as property managers hired by Nephrite Fund I, LLC, and both Jesse Davila and Strategic Properties only served for several years, whereas Nephrite Fund I, LLC has remained the landlord throughout the entire class period (2016 to 2023). Lastly, Nephrite Fund I, LLC has the greater liability exposure and is most able to satisfy a potential judgment as it holds a property valued to be at $7.2 million, which is subject to a judgment lien as a result of the settlement of the case.

Additionally, there is no dispute that the injuries occurred in Missouri, because they relate to the tenancy of Missouri citizens living in a Missouri apartment complex. Id. at ¶¶ 2, 7-10, 20, 102, 105, 109-157; see also Exhibit 7, at ¶¶ 2, 20.

The home state exception is not discretionary and requires remand when applicable. 28 U.S.C. § 1332(d)(4)(B) (stating a district court "shall decline" jurisdiction); see also Westerfeld v. Indep.

13

Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) ("Congress established two mandatory exceptions to federal jurisdiction under CAFA"); Curts v. Waggin' Train, LLC, 2013 WL 2319358, at *3 (W.D. Mo. May 28, 2013) ("the case must be remanded because Plaintiff has satisfied her burden of demonstrating that [the home state] exception exists"). This Court must remand.

### IX. The Local Controversy Exception Applies

The local controversy exception to CAFA jurisdiction applies where

> (1) more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, (3) the principal injuries were incurred in the state in which the action was filed, and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.

Atwood v. Peterson, 936 F.3d 835, 839 (8th Cir. 2019) relying upon § 1332(d)(4)(A).

As set forth above, more than two-thirds of the class is by definition citizens of Missouri. See Exhibit C to the Notice at ¶¶ 99-100 (limiting the class to Missouri citizens); see also Notice at fn. 2.

Nephrite Fund I, LLC is a defendant from whom the Puga class seeks significant relief, and whose conduct forms a significant basis for the claims asserted by the class. Exhibit C to the Notice at ¶¶ 109-157. Nephrite Fund I, LLC is also a citizen of Missouri, as evidenced from the same analysis performed in Section VII. All injuries alleged in the TACAP occurred in Missouri. Id. at ¶ 102. In addition, no other class action alleging similar facts was filed in the three years prior to the commencement of this class action. Therefore, the local controversy exception also applies, requiring remand. See § 1332(d)(4); see also Atwood, 936 F.3d at 839.

### X. Defendants' Allegations About Discovery are Inaccurate

Defendants assert that the class refused to disclose a valuation of the case in response to propounded discovery. See Exhibit F to Notice at ¶ 10. Defendants' assertion is incorrect.

14

First, the class disclosed its economic damages expert on May 25, 2022. See Puga's Answers to Nephrite's First Interrogatories, May 25, 2022, attached as Exhibit 11, at Interrogatory No. 9. After Dr. Kurt Krueger passed away during this case, plaintiffs' timely supplemented their answer to disclose a new economic expert. See Puga's Supplemental Answers to Nephrite's Interrogatories, July 23, 2023, attached as Exhibit 12, at Interrogatory No. 9. Defendants ***never requested*** a deposition of the class's damages expert.

Second, Defendants fail to point to, or attach, any discovery requesting a valuation of the case. See generally the Notice; see also generally Exhibit F to the Notice.

Third, Defendants propounded interrogatories in violation of the local court rules. Accordingly, the 16th Circuit Court in Missouri permits one party to propound only thirty interrogatories total to another party. Mo. 16th Judicial Cir. R. 32.2.1. A party seeking more than thirty interrogatories can proceed by either the (1) consent of the opposing party or (2) seeking leave of court. Id. at 32.2.2. Defendants previously propounded ***forty-seven interrogatories*** on Elena Puga before propounding a second set of further interrogatories. Defendants did not seek consent nor did they seek leave of court to propound interrogatories in violation of the local rules. See Exhibit 5.

Fourth, Defendants never conferred with the class as to its meritorious objections concerning excessive interrogatories. Defendants did not communicate with class counsel about the proper discovery objections, did not write a golden rule letter, nor did they bring this matter to the court's attention. It is revealing that defendants conjure up this alleged discovery failure only upon the filing of their Notice, which is incurably defective, without legal support, and filed for the purpose of delay.

### XI.   Conclusion

For the reasons set forth above, the Puga class requests that this Court remand the case back to the Circuit Court of Jackson County, Missouri.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Nicholas Leyh
Andrea M. Knernschield, #71553
Nicholas Leyh, #71993
Gregory Leyh, P.C.
1600 Genessee St., Suite 132
Kansas City, Missouri 64102
(816) 283-3380
(816) 283-0489 (Facsimile)
aknernschield@leyhlaw.com
nleyh@leyhlaw.com
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that the original of the above and foregoing Plaintiffs' Motion to Remand and Suggestions in Support was signed and sent through the Court's CM/ECF system, which will send notice of the electronic filing to all counsel of record on November 3, 2023.

/s/ Nicholas Leyh
Attorney for Plaintiffs

16