IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELENA PUGA and<br>NICOLE EDWARDS, on behalf of themselves<br>and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STRATEGIC PROPERTIES, LLC,<br>NEPHRITE FUND I, LLC, and<br>JESSE DAVILA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:23-CV-00774-DGK |

## ORDER REGARDING FILING

This class-action lawsuit arises from Plaintiffs' allegations that Defendants failed to provide them with safe, sanitary, and habitable rental housing at the Suncrest Apartments (formerly known as Amber Glen Apartments) in Raytown, Missouri. Plaintiffs' Third Amended Petition alleges negligence, breach of the implied warranty of habitability, and violations of the Missouri Merchandising Practices Act. ECF No. 1-3.

This case was filed in the Circuit Court of Jackson County, Missouri, and removed to federal court. At the time of removal, Defendants were represented by the same attorney, Mr. Brian Goldstein.

In reviewing the docket, the Court noted a problematic filing, Defendant Strategic Properties, LLC's ("Strategic") "Notice of Withdrawal and Substitution of Counsel." ECF No. 6. This filing, which is not a motion, is one sentence long and states: "Brian Goldstein hereby withdraws as counsel for Defendant Strategic Properties, LLC, and Curtis L. Tideman, David R. Frye, and Rebecca J. McMahon of Lathrop GPM LLP, hereby enter their appearance as counsel

for Defendant Strategic Properties, LLC." It was filed by attorneys Tideman, Frye, and McMahon, but not by Mr. Goldstein.

There are two problems with this filing. The first is that an attorney cannot simply pronounce that he or she is withdrawing from a case. An attorney must formally move to withdraw, and the Court must grant the motion. L.R. 83.2 ("To withdraw from a case, an attorney must file a motion to withdraw. The Court may grant the motion only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel.").

The second problem is that Mr. Goldstein, who is not an attorney with the Lathrop firm, did not make this filing, and the Court doubts that attorneys Tideman, Frye, and McMahon can file a motion to withdraw on Mr. Goldstein's behalf, particularly since nothing in the record indicates Mr. Goldstein has authorized them to file anything on his behalf.

If Mr. Goldstein would like to withdraw from representing Strategic, he should file the appropriate motion.

**IT IS SO ORDERED.**

Date:   December 5, 2023                         /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT