IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELENA PUGA and<br>NICOLE EDWARDS, on behalf of themselves<br>and all others similarly situated, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 4:23-CV-00774-DGK |
| STRATEGIC PROPERTIES, LLC,<br>NEPHRITE FUND I, LLC, and<br>JESSE DAVILA, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ORDER GRANTING MOTION TO REMAND

This class-action lawsuit arises from Plaintiffs' allegations that Defendants failed to provide safe, sanitary, and habitable rental housing at the Suncrest Apartments (formerly known as Amber Glen Apartments) in Raytown, Missouri. The Third Amended Petition alleges negligence, breach of the implied warranty of habitability, and violations of the Missouri Merchandising Practices Act ("MMPA"). ECF No. 1-3.

This case was filed in the Circuit Court of Jackson County, Missouri, Defendants removed it to this Court by asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1446.

Now before the Court is Plaintiffs' Motion to Remand. ECF No. 4. Because the mediator's statement concerning the amount in dispute is not "other paper" under 28 U.S.C. § 1446(b) and so did not open a window for Defendants to remove this case to federal court, Plaintiffs' motion is GRANTED.

## Background

On June 17, 2021, Plaintiff Elena Puga filed what was then a putative class action lawsuit against Defendants asserting two causes of action, breach of the implied warranty of habitability, and violations of the MMPA. Plaintiff sought relief in the form of actual damages, attorneys' fees and costs, and pre- and post-judgment interest. On December 12, 2022, the Circuit Court of Jackson County, Missouri, granted Plaintiff's motion for class certification.

A few days later, on December 16, 2022, Plaintiffs filed the Second Amended Petition which added a claim for negligence and Plaintiff Nicole Edwards as a class representative.

On June 30, 2023, Plaintiffs filed their Third Amended Petition which for the first time sought punitive damages against Defendants. On August 15, 2023, the state court granted leave to the class to add punitive damages.

The parties subsequently attempted to mediate this case on October 16, 2023. During the mediation, the mediator purportedly orally advised defense counsel that Plaintiffs' counsel believed Plaintiffs could recover more than $6 million in compensatory damages at trial, exclusive of attorneys' fees or punitive damages.

On October 27, 2023, Defendants filed their Notice of Removal ("the Notice"), ECF No. 1, asserting CAFA jurisdiction. The Notice states Defendants were first "made aware that Plaintiffs believed the value of their case to be in excess of $5 million" during the mediation. *Id*. ¶ 13. Attached to the Notice is an affidavit from defense counsel swearing that during the mediation, the mediator advised him "that the Plaintiff Class's counsel believed 'Plaintiffs could recover more than $6 million in compensatory damages at trial,' exclusive of any additional monetary awards for attorneys['] fees and/or punitive damages." Aff. ¶ 6, ECF No. 1-6.

2
Case 4:23-cv-00774-DGK   Document 34   Filed 01/17/24   Page 2 of 6

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). A defendant has thirty days to invoke CAFA jurisdiction from the time the complaint is filed, or the defendant receives "an amended pleading, motion, order, or other paper" from which the defendant may first "*unambiguously*" ascertain that the CAFA jurisdictional requirements have been satisfied and the case has become removable. 28 U.S.C. § 1446(b); *Gibson v. Clean Harbors Env'tl. Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016) (emphasis added). "Although a defendant has a duty to 'apply a reasonable amount of intelligence to its reading' of any such document received from the plaintiff, a defendant is not required to 'perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" *Id.* (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014)).

There are also statutory exceptions to CAFA jurisdiction. 28 U.S.C. § 1332(d). Once the removing party establishes CAFA jurisdiction, the burden shifts to the party seeking remand to establish that one of these jurisdictional exceptions applies. *Westerfeld*, 621 F.3d at 822.

### Discussion

Plaintiffs argue the Notice is deficient for a variety of alternate reasons: (1) it was filed out of time, that is, more than thirty days after the state court issued rulings (such as certifying the case as a class action and granting leave to add punitive damages) from which Defendants could have ascertained the case was removable; (2) the mediator's oral statement is not "other paper" opening a thirty-day removal window under 28 U.S.C. § 1446(b); (3) the $5 million amount in controversy requirement is not met here; and (4) Defendants waived their right to remove by taking substantial action in the state court action before filing a notice of removal which indicates a willingness to litigate in the state court tribunal. Even if Defendant's removal was procedurally proper, Plaintiffs contend the Court should nonetheless remand because the "home-state" and the "local controversy" exceptions to CAFA jurisdiction apply.

Defendants claim the Notice was procedurally correct and timely because the first time they were able to ascertain that Plaintiffs' claims exceeded the jurisdictional threshold was during the October 16, 2023, mediation, and they filed their notice of removal within thirty days of October 16. They also argue that neither of the CAFA exceptions Plaintiffs have identified apply here.

The parties' briefing raises multiple issues, but Plaintiff's motion can be resolved by ruling on just one, namely, Defendants' argument that the mediator's statement constitutes "other paper" under 28 U.S.C. § 1446(b). This argument is unavailing.

The term "other paper" applies to "*papers* and *documents* involved in the case being removed." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) (emphasis added). This includes "a post-complaint demand letter seeking damages in excess of the federal jurisdictional amount" and "oral statements made at a court hearing and later transcribed" to writing. *Gibson*, 840 F.3d at 521. But it does not include an oral statement from a mediator—even one later reduced to writing via a defense attorney's affidavit. As far as the Court can tell, no court has ever held a mediator's statement constitutes "other paper" under § 1446(b). Defendants have cited no such caselaw, and expanding this definition to include statements from mediators would be problematic. *See Thomas v. Ritter*, No. 3:98CV530-H, 1999 WL 1940047, at *2 (W.D.N.C. Feb. 11, 1999) ("Allowing oral communications of settlement offers to establish the amount in controversy would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand."); *Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM(FMx), 2008 WL 4447678, at *17 (C.D. Cal. Sept. 30, 2008) (citing *Thomas*) (holding the law "appears to preclude consideration of oral settlement offers," in part because considering oral offers risks the court becoming emmeshed in collateral litigation over exactly what was said and when). Consequently, the mediator's statement did not open a window for Defendants to remove this case to federal court.

Since the mediator's statement is the sole reason Defendants gave in their Notice for seeking removal, Plaintiffs motion to remand is GRANTED.[1]

The Clerk of the Court shall remand this case back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

---

[1] The Court's ruling is limited to this issue. The Court is not ruling the parties' other arguments concerning remand, CAFA jurisdiction, or anything else.

Date: January 17, 2024          /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT